IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

LAURA ANN TEAGUE, :
:
    Plaintiff, :
:
v. : CIVIL ACTION 09-755-M
:
MICHAEL J. ASTRUE, :
Commissioner of :
Social Security, :
:
    Defendant. :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 10). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 16). Oral argument was waived in this action (Doc. 14). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for action not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute

its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was forty-five years old, had completed a tenth-grade education (Tr. 48), and had previous work experience as a housekeeper, poultry processor, presser, and machine operator in a cigar factory (Tr. 83). In claiming benefits, Plaintiff alleges disability due to osteoarthritis of the hips and obesity (Doc. 10 Fact Sheet).

The Plaintiff filed protective applications for disability benefits and SSI on November 29, 2006 (*see* Tr. 11; 137-53). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Teague had no relevant past work which she could perform, but that she could perform work in the national economy as a surveillance system monitor, order clerk, and sedentary bench assembler (Tr. 8-29). Plaintiff requested review of the hearing decision (Tr. 7) by the Appeals Council, but it was denied (Tr. 1-4).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Teague alleges the single claim that the ALJ did not properly consider her pain (Doc. 10). Defendant has responded to—and denies—this claim (Doc. 11).

The standard by which the Plaintiff's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence." *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Furthermore, the Social Security regulations specifically state the following:

> statements about your pain or other symptoms

> will not alone establish that you are
> disabled; there must be medical signs and
> laboratory findings which show that you have
> a medical impairment(s) which could
> reasonably be expected to produce the pain or
> other symptoms alleged and which, when
> considered with all of the other evidence
> (including statements about the intensity and
> persistence of your pain or other symptoms
> which may reasonably be accepted as
> consistent with the medical signs and
> laboratory findings), would lead to a
> conclusion that you are disabled.

20 C.F.R.. 404.1529(a) (2009).

As support for her debilitating pain, Plaintiff has pointed to the report of Dr. Andre Fontana, an Orthopaedic Surgeon, who examined her on December 2, 2008 and found her capable of only limited activities (Tr. 656-58). In his physical examination, Fontana noted cervical spine flexion of forty degrees and rotation of twenty-five degrees right and left; there was lateral flexion of the neck of fifteen degrees on the left and right with ten degrees of extension. There was minimal crepitus in her left knee. The surgeon went on to note there was zero degrees internal rotation and fifteen degrees of external rotation of the left hip while the right hip had zero degree internal and ten degrees external rotation with pain; toe/heel gait was poor and Teague could not squat. Straight leg raise was ninety degrees while sitting, but fifty degrees in the supine position. Lumbar spine flexion and extension were ten degrees while lateral flexion was fifteen degrees on the left and right. X-rays of the

4

right and left hip showed either severe arthritis or avascular necrosis. Dr. Fontana's recommendation was as follows:

> I feel at this time the patient is completely limited to sedentary, sitting type of activities with minimal standing and walking. No climbing. No walking unprotected heights. Very infrequent bending. No stooping. No carrying over 5 pounds very infrequently. The patient is in definite need of surgical intervention with replacement, right and left hip arthroplasty.

(Tr. 657). The Orthopaedic also completed a physical capacities evaluation (hereinafter *PCE*) in which he indicated that Plaintiff was capable of sitting for one hour at a time and walking and standing for less than an hour at a time while capable of sitting for three-to-six hours and standing and walking for two hours during an eight-hour day (Tr. 658). Teague could lift and carry up to five pounds on an occasional basis but never lift or carry any more weight than those five pounds. While Plaintiff would be capable of simple grasping, she could not use arm controls or use either hand for fine manipulation; she could not use leg controls. Teague would never be able to bend, squat, crawl, or climb, and she could only occasionally reach.

In her determination, the ALJ reached a conclusion that Plaintiff had one residual functional capacity (hereinafter *RFC*) for the period between the asserted disability onset date of September 30, 2004 and December 2006 and a second RFC for the

period between December 2006 through the date of the evidentiary hearing date of March 24, 2009 (Tr. 17-18).[1] It is this second RFC on which the Court is focused. For that period, the ALJ found that Teague was capable of the following:

> [T]he claimant has the residual functional capacity to perform work within the sedentary exertional range . . . . The claimant can lift 10 pounds, sit for a total of 6 hours in an 8-hour day for a duration of 20 minutes at a time; claimant requires use of a cane in ambulation and can stand/walk for a total of 2 hours in an 8-hour workday; claimant can never climb ladders, ropes or scaffolds; claimant can frequently but not constantly use upper extremities in handling, fingering, and reaching; claimant must avoid all exposure to work hazards such as dangerous machinery or unprotected heights.

(Tr. 18). In reaching this decision, the ALJ made the following findings regarding the report of Dr. Fontana:

> Dr. Fontana's medical opinion evidence was considered as an examining source and specialist in the field of orthopedics. This medical opinion evidence is consistent with the full record and afforded great weight by the undersigned.
>
> \*\*\*
>
> In records of a physical consultative evaluation, Andre J. Fontana expressed that the claimant was completely limited to

---

[1]The Court notes that there were two evidentiary hearings, conducted by two different ALJ's. The Court will presume that the second RFC period extends through March 24, 2009, the date of the latter of the two hearings, since that was the one conducted by the ALJ which wrote the decision being challenged herein.

6

>            sedentary, sitting type activities with
>            minimal standing and walking.  The claimant
>            was further limited by postural,
>            environmental and lifting restrictions.  This
>            assessment was evaluated as medical opinion
>            evidence from an examining source whom is
>            also a specialist in the field of
>            orthopedics.  However, the form does not
>            match the narrative written in this
>            assessment.  The narrative is generally
>            consistent with sedentary work and the
>            claimant's residual functional capacity as
>            defined above.  However, limitations to the
>            claimant's ability to lift no more than 5
>            pounds and never bend is not accepted as
>            unsupported by the record.  The claimant was
>            assessed to be able to stand and walk a total
>            of 4 hours in an 8-hour workday.  However,
>            the record supports the claimant is now more
>            significantly limited in this area and should
>            be limited to 2 hours in an 8-hour workday as
>            a more reasonable accommodation of the
>            claimant's condition.  [] This opinion
>            evidence was accepted to the degree
>            consistent with the sedentary exertional
>            range, but not supported to rule out the
>            sedentary limitations and is more consistent
>            with the sedentary exertional range.  The
>            narrative clarifies the assessed limitations
>            and is more consistent with the sedentary
>            exertional range.  This assessment was
>            considered but not accepted in its entirety,
>            although found to be persuasive in supporting
>            the claimant's restrictions to less than the
>            full range of sedentary work.

(Tr. 23-24).

The Court cannot reconcile the ALJ's conclusions.  While she gives great weight to Dr. Fontana's opinion in the first instance, she later discounts parts of it as being internally inconsistent.  The ALJ specifically finds no support for Dr. Fontana's conclusion, in his PCE, that Teague can lift no more

7

than five pounds while, finding no objection to it when he expressed the same limitation in his narrative. As Fontana's PCE is the only one, in this record, by an examining physician, the Court finds the ALJ's irreconcilable conclusions all the more troubling.

For this reason, the Court cannot find the ALJ's opinion to be supported by substantial evidence. Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's abilities to work. Judgment will be entered by separate Order.

DONE this 17th day of May, 2010.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE